UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DANA PONTANI, PETER PONTANI, AND
LOUISE PONTANI, individually and on behalf of all
others similarly situated,

    Plaintiffs,

vs.

AMERIHEALTH INSURANCE COMPANY
OF NEW JERSEY, AMERIHEALTH HMO, INC.,
MAGELLAN HEALTH SERVICES, INC.,
GREEN SPRING HEALTH SERVICES, INC.,
d/b/a MAGELLAN BEHAVIORAL HEALTH, and
MAGELLAN BEHAVIORAL HEALTH
OF NEW JERSEY, LLC,

    Defendants.

CIVIL ACTION NO.: 08-4580 (SRC) (MAS)

## JOINT DISCOVERY PLAN

Pursuant to L. Civ. R. 26.1(b), the parties submit the following Joint Case Management Statement. On issues where the parties do not agree, the parties' respective positions are noted below.

1. **For each party, set forth the name of the party, attorney appearing, the firm name, address, e-mail address, telephone number and facsimile number. In addition, the lead counsel on each side should bring a business card which contains his/her e-mail address to the Rule 16 Scheduling Conference.**

Plaintiffs Dana Pontani, Peter Pontani, and Louise Pontani are represented by:

Bruce H. Nagel
bnagel@nagelrice.com
Randee M. Matloff
rmatloff@nagelrice.com
Nagel Rice, LLP
103 Eisenhower Parkway
Roseland, NJ 07068
(973) 618-0400 (telephone)

Defendants AmeriHealth Insurance Company of New Jersey and AmeriHealth HMO, Inc. are represented by:

> James L. Griffith
> jgriffith@akingump.com
> Akin Gump Strauss Hauer & Feld LLP
> Two Commerce Square
> 2001 Market Streeet, Suite 4100
> Philadelphia, PA 19103
> (215) 965-1200 (telephone)
> (215) 965-1210 (facsimile)

Defendants Magellan Health Services, Inc., Green Spring Health Services, Inc., Magellan Behavioral Health, Inc., and Magellan Behavioral Health of New Jersey LLC are represented by:

> Thomas F. Quinn
> Thomas.Quinn@wilsonelser.com
> Wilson, Elser, Moskowitz, Edelman & Dicker LLP
> 33 Washington Street
> Newark, NJ 07102
> (973) 624-0800 (telephone)
> (973) 624-0799 (facsimile)
>
> Christopher Flynn
> cflynn@crowell.com
> Kathleen Taylor Sooy
> ksooy@crowell.com
> Tracy A. Roman
> troman@crowell.com
> Crowell & Moring LLP
> 1001 Pennsylvania Ave., N.W.
> Washington, D.C. 20004
> (202) 624-2400 (telephone)
> (202) 628-5116 (facsimile)

2. **(a) Set forth a brief description of the case, including the causes of action and affirmative defenses asserted.**

Plaintiffs' Position: This case is the third class action case to be pursued on behalf of sufferers of Eating Disorder who are insured under health insurance policies governed by New Jersey law. Relief is sought under ERISA for those claimants whose policies are governed by

that statute and under the common law with respect to non-ERISA insured. The other two litigations, one brought against Aetna and the other against Horizon and Magellan settled and a settlement class was certified by Judge Hochberg. Contrary to defendants' contentions set out below, the factual distinctions between this case and the other cases are insignificant legally and just as Judge Hochberg denied motions to dismiss at the pleading stage in those cases, the same result should obtain here. AmeriHealth's refusal to treat Eating Disorder as Biologically Based Mental Illnesses as defined in the health benefit plans provided by this insurer and as mandated by the New Jersey Parity Law is both arbitrary and capricious under ERISA and violative of the contractual agreement between the insurer and their insureds. Plaintiffs, on their own behalf and on behalf of a class of similarly situated individuals is entitled to receive benefits as well as declaratory and injunctive relief.

Defendants' Position: This is a putative class action in which plaintiffs allege that the defendants violated the New Jersey Parity Law by denying or limiting benefits for the treatment of eating disorders. Plaintiff Dana Pontani, who is the adult daughter of plaintiffs Peter and Louise Pontani, alleges she was denied benefits under her now-terminated AmeriHealth benefits plan for treatment of an eating disorder. The plaintiffs assert claims for violation of the New Jersey Parity Law, N.J. Stat. Ann. § 26:2J-4.20 (2007), breach of fiduciary duty under the Employee Retirement Security Act ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, and breach of fiduciary duty under New Jersey common law. Plaintiffs seek damages and injunctive relief.

The AmeriHealth and Magellan defendants filed separate motions to dismiss under Fed. R. Civ. P. 12(b)(1) asserting that all plaintiffs lack standing to pursue their claims – and this case is different from the other alleged "eating disorder" cases brought in this district – because plaintiffs' claims for benefits were not denied on exhaustion grounds. Dana Pontani lacks

standing because, among other things, she does not allege that she paid for the eating disorder treatment that she contends should have been covered under her benefits plan, but rather alleges that her parents paid for the treatment. She also voluntarily terminated her coverage with AmeriHealth, precluding any award of equitable relief. The defendants further assert that Peter and Louise Pontani lack standing because, among other things, they are neither participants in nor beneficiaries of their daughter's health benefits plan. The AmeriHealth and Magellan defendants also filed separate motions to dismiss under Fed. R. Civ. P. 12(b)(6) seeking dismissal on a number of grounds, including that plaintiffs' New Jersey statutory and common law claims are preempted by ERISA, the New Jersey Parity Law does not provide a private right of action, and plaintiffs fail to adequately plead the existence of a fiduciary relationship.

**(b) Is this a fee-shifting case?**

Plaintiffs' Position: Yes, pursuant to ERISA.

Defendants' Position: Although plaintiffs plead ERISA claims, which permit fee-shifting under certain circumstances, defendants believe that plaintiffs' ERISA claims are fatally defective for the reasons set forth in their respective motions to dismiss.

3. **Has this action been: Settled** No. **Discontinued** No.

4. **Have settlement discussions taken place?**

The parties have scheduled a preliminary settlement meeting for September 30, 2009.

5. **Core discovery needed to be able to discuss settlement in a meaningful way.**

Plaintiffs' Position: While the parties are in the process of preliminary settlement discussions, plaintiffs need access to the relevant claims data to ascertain the number of AmeriHealth insureds who had their coverage limited or denied because of the arbitrary interpretation of BMMI and the monetary value of the denial.

Defendants' Position: Defendants believe that a ruling on their pending motions to dismiss is necessary to discuss settlement in a meaningful way.

6. **The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1).**

7. **Explain any problems in connection with completing the disclosures by Fed. R. Civ. P. 26(a)(1).**

N/A

8. **The parties have not conducted discovery other than the above disclosures.**

9. **The parties have met pursuant to Fed. R. Civ. P. 26(f).**

    (a) **If not, state the reason therefor.**

N/A

    (b) **If so, state the date of the meeting and the persons in attendance.**

Randee Matloff, James Griffith and Tracy Roman met by telephone on September 25, 2009.

10. **The following is a proposed joint discovery plan.**

    (a) **Discovery is needed on the following subjects:**

Plaintiffs' Position: Plaintiff objects to any discovery stay pending disposition of the motions. In addition, we object to the bifurcation of merits and class discovery. Plaintiffs anticipate they will need discovery on how defendants reached the conclusion that Eating Disorders should be treated as non-biologically based mental illnesses, including when that determination was made. How defendants arrived at the criteria used to determine whether treatment requested by providers is medically necessary. How defendants handle appeals of both medical necessity and exhaustion determinations. Discovery is also needed to determine the scope of the class and damages.

Defendants' Position: The defendants believe that all discovery should be stayed while the Court considers the pending motions to dismiss. If the Court denies the motions to dismiss, the defendants believe that merits discovery should be stayed while the parties conduct class certification discovery and brief class certification issues. The defendants anticipate they will need merits discovery on the facts supporting plaintiffs' claims, including the following subjects, among others: plaintiff Dana Pontani's eating disorder treatment, the terms and condition of Dana Pontani's AmeriHealth benefits plan and any other health insurance plan under which Dana Pontani was covered during the relevant time period, the termination of Dana Pontani's AmeriHealth benefits plan, plaintiffs' submission of requests for authorization and/or claims for benefits for eating disorder treatment to defendants, plaintiffs' communications with defendants' representatives, plaintiffs' contention that eating disorders (including her alleged eating disorder) are biologically-based illnesses, and plaintiffs' alleged damages.

      **(b)    Discovery [should \_\_\_\_\_ should not \_\_\_\_\_] be conducted in phases or be limited to particular issues. Explain.**

Plaintiffs' Position: Plaintiffs object to any phasing of discovery.

Defendants' Position: As stated above, the defendants believe that all discovery should be stayed while the Court considers the pending motions to dismiss. If the Court denies the motions to dismiss, the defendants believe that merits discovery be stayed while the parties conduct class certification discovery and brief class certification issues.

      **(c)    Maximum of 25 interrogatories by each party to each other party.**

      **(d)    Maximum of 10 depositions to be taken by each party unless leave of court is sought.**

      **(e)    Plaintiffs' expert report(s) due within 60 days of the close of fact discovery.**

(f) Defendants' expert report(s) due within 60 days of the submission of plaintiffs' expert report(s).

(g) Motions to amend or to add parties to be filed within 30 days of the ruling on pending motions to dismiss First Amended Complaint.

(h) Dispositive motions to be served within 30 days of completion of expert discovery.

(i) All fact discovery to be completed by June 30, 2010. Given the complex medical issues in this case, the parties believe that expert depositions should commence after the close of fact discovery and be completed within 30 days of the service of defendants' expert report(s).

(j) Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

The parties anticipate that a confidentiality order will be required to protect confidential health information and the defendants' confidential business information.

(k) A pretrial conference may take place on October 29, 2010.

11. Do you anticipate any discovery problems(s)?

At this early stage of the proceedings, the parties do not anticipate any discovery problems.

12. Do you anticipate any special discovery needs (i.e., videotape/telephone depositions; problems with out-of-state witnesses or documents, etc.)?

At this early stage of the proceedings, the parties do not anticipate any special discovery needs.

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise), mediation (pursuant to Local Civil Rule 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange or pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).

Plaintiffs' Position: The plaintiffs believe that after some minimal discovery is exchanged the appointment of a mediator may be fruitful.

Defendants' Position: The defendants believe that discussion of voluntary arbitration, mediation, appointment of a special master or other special procedure is premature at this time. The defendants believe that the pending motions to dismiss point out significant defects in plaintiffs' claims, the resolution of which will narrow the issues in this case.

14. **Is this case appropriate for bifurcation? Yes _____ No _____**

Plaintiffs' Position: No.

Defendants' Position: As stated above, if this case proceeds beyond the motion to dismiss stage, defendants believe that class certification and merits discovery should be bifurcated.

15. **An interim status/settlement conference (with clients in attendance), should be held during the month of July 2010.**

16. **We do not consent to the trial being conducted by a Magistrate Judge.**


Respectfully submitted,

/s/ Bruce H. Nagel
Bruce H. Nagel
Randee M. Matloff
Nagel Rice, LLP
103 Eisenhower Parkway
Roseland, NJ 07068
(973) 618-0400 (telephone)

Attorneys for Plaintiffs

*James L. Griffith*
Akin Gump Strauss Hauer & Feld LLP
Two Commerce Square
2001 Market Streeet, Suite 4100
Philadelphia, PA 19103
(215) 965-1200 (telephone)
(215) 965-1210 (facsimile)

Attorneys for Defendants AmeriHealth Insurance Company of New Jersey and AmeriHealth HMO, Inc.

*Thomas F. Quinn*
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
33 Washington Street
Newark, NJ 07102
(973) 624-0800 (telephone)
(973) 624-0799 (facsimile)

Christopher Flynn
Kathleen Taylor Sooy
Tracy A. Roman
Crowell & Moring LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
(202) 624-2400 (telephone)
(202) 628-5116 (facsimile)

Attorneys for Defendants Magellan Health Services, Inc., Green Spring Health Services, Inc., Magellan Behavioral Health, Inc., and Magellan Behavioral Health of New Jersey LLC