# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PONTANI, et al., | : |
| **Plaintiffs,** | : |
| -vs- | :     **Civil Action No. 08-4580 (FSH)** |
| **AMERIHEALTH INSURANCE CO.** | :     <u>**PRETRIAL SCHEDULING ORDER**</u> |
| **OF NEW JERSEY, et al.,** | : |
| **Defendants.** | : |

      **THIS MATTER** having come before the Court for a scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure on September 30, 2009; and for good cause shown:

      **IT IS on this 15th day of October, 2009**

      **ORDERED THAT:**

      1.    No later than **November 4, 2009**, the parties shall submit a proposed confidentiality order and certification in accordance with Rule 5.3.

      2.    The parties shall redact the names of minors, dates of birth and social security numbers from court rulings.

      3.    The expert discovery deadline of December 17, 2010 and the date of the final pretrial conference <u>will not be extended</u>.

      4.    Merits and class discovery shall not be bifurcated.

      **IT IS FURTHER ORDERED THAT:**

## I. COURT DATES

      1.    There shall be telephone status conferences scheduled as follows:

| <u>Date of Call</u> | <u>Party to Initiate</u> |
|---|---|
| **December 11, 2009 at 2:00 p.m.** | **Plaintiff** |
| **March 11, 2010 at 2:00 p.m.** | **Defendant** |
| **June 11, 2010 at 2:00 p.m.** | **Plaintiff** |

| | |
|---|---|
| **September 3, 2010 at 2:00 p.m.** | **Defendant** |
| **November 9, 2010 at 2:00 p.m.** | **Plaintiff** |
| **January 6, 2011 at 2:00 p.m.** | **Defendant** |

Counsel must e-file a joint case status letter seven (7) days prior to each telephone status conference.

2.      There will be a settlement conference before the Undersigned on **TO BE SET**. **Five (5) business days** before the conference, each party should submit a confidential memorandum to the Court, not to exceed five (5) pages, summarizing the relevant facts, the respective legal positions, status of the case, and the client's position on settlement. Trial counsel and clients with full settlement authority must attend the conference in person. If trial counsel **and** clients with full settlement authority do not appear, the settlement conference may be cancelled or rescheduled and the noncompliant party and/or attorney may be sanctioned, which may include an assessment of the costs and expenses incurred by those parties who appeared as directed.

3.      A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **March 11, 2011 at 2:00 p.m.** The Final Pretrial Conference will occur even if there are dispositive motions pending. The Court will adjourn the Final Pretrial Conference <u>only</u> if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

## II. DISCOVERY AND MOTION PRACTICE

4.      a.      Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **November 4, 2009.**

b.      Signed medical/psychological authorizations shall be provided to the defendant no later than **November 4, 2009.**

5.      Discovery necessary to engage in meaningful settlement discussions: to be determined.

6.      The parties may serve interrogatories limited to **30** single questions including subparts and requests for production of documents on or before **November 13, 2009**, which shall be responded to no later than **December 14, 2009.**

7.      The number of depositions to be taken by each side shall not exceed **15.** No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. <u>See</u> Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated. The depositions are to be completed no later than **May 13, 2010.**

8.   a.   Class-related fact discovery shall be completed no later than **April 13, 2010.**

     b.   Merits fact discovery is to remain open through **June 14, 2010.**

9.   a.   Counsel shall confer in a good faith attempt to informally resolve any discovery disputes <u>before</u> seeking the Court's intervention. Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention via an e-filed joint letter that sets forth: (a) the request; (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient. No further submissions regarding the dispute may be submitted without leave of Court. If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

     b.   No discovery motion or motion for sanctions for failure to provide discovery shall be made before utilizing the procedures set forth in these paragraphs without prior leave of Court.

     c.   Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **March 12, 2010** and the Court will not entertain applications concerning discovery matters, informally or otherwise, after this date.

10.   Any consent order or motion to amend pleadings or join parties must be filed by **December 14, 2009.**

11.   a.   The motion for class certification shall be filed no later than **September 10, 2010.** Any responses shall be submitted no later than **October 11, 2010.** The return date shall be **October 18, 2010.** The Court will advise the parties if oral argument will be required.

     b.   All dispositive motions shall be discussed in advance of filing with the undersigned either in person or by teleconference. Any and all dispositive motions must be filed no later than **January 14, 2011** and must comply with Local Rule 7.1. No pretrial dispositive motions will be entertained after that date. Any responses shall be submitted no later than **January 24, 2011** and any replies shall be submitted no later than **January 31, 2011.** The return date shall be **February 7, 2011** before the Hon. Faith S. Hochberg. Her Honor's chambers will advise the parties if oral argument will be required.

### III. EXPERTS

12.   a.   All affirmative class action expert reports shall be delivered by **May 20, 2010.**

     b.   All responsive class action expert reports shall be delivered by **July 20, 2010.**

c. All class action expert depositions shall be completed no later than **August 20, 2010.**

13. a. All affirmative merits expert reports shall be delivered by **August 2, 2010.**

b. All responsive merits expert reports shall be delivered no later than **October 1, 2010.**

c. All depositions of merits experts shall be completed no later than **December 17, 2010.**

14. All expert reports are to be in the form and content as required by Fed. R. Civ. P. 26(a)(2)(B). No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the expert's report.

## IV. FINAL PRETRIAL CONFERENCE

15. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **March 11, 2011 at 2:00 p.m.** The Final Pretrial Conference will occur even if there are dispositive motions pending. The Court will adjourn the Final Pretrial Conference <u>only</u> if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

16. <u>Not later than **20 working days** before the pretrial conference, the parties shall exchange copies of all proposed trial exhibits. Each exhibit shall be pre-marked with an exhibit number conforming to the party's exhibit list.</u>

17. All counsel are directed to assemble at the office of Plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the proposed Joint Final Pretrial Order in the form and content required by the Court. Plaintiff's counsel shall prepare the Joint Pretrial Order and shall submit it to all other counsel for approval and execution.

18. With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

19. The original of the Final Pretrial Order shall be delivered to the CHAMBERS of the Undersigned no later than **February 25, 2011 at 4:00 p.m.** All counsel are responsible for the timely submission of the Pretrial Order.

20.    The Court expects to engage in meaningful settlement discussions at the final pretrial conference.  Therefore, trial counsel who actually has full settlement authority must attend the conference and clients or other persons with full settlement must also attend the conference in person.

## V.  MISCELLANEOUS

21.    The Court may from time to time schedule conferences as may be required, either sua sponte or at the request of a party.

22.    Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel.

23.    A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action.  Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

24.    With the exception of confidential settlement position letters, communications to the Court by facsimile will not be accepted.  All communications to the Court must be e-filed.

25.    **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN SANCTIONS.**

s/ Michael A. Shipp
**HONORABLE MICHAEL A. SHIPP**
**United States Magistrate Judge**