**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

<table>
<tr><td>

PETER PONTANI and LOUISE PONTANI,
individually and on behalf of all others similarly
situated,

        Plaintiffs,

        vs.

AMERIHEALTH INSURANCE COMPANY
OF NEW JERSEY, AMERIHEALTH HMO, INC.,
MAGELLAN HEALTH SERVICES, INC.,
GREEN SPRING HEALTH SERVICES, INC.,
d/b/a MAGELLAN BEHAVIORAL HEALTH, and
MAGELLAN BEHAVIORAL HEALTH
OF NEW JERSEY, LLC,

        Defendants.

</td><td>

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

</td><td>

**RECEIVED**

NOV 0 9 2009

AT 8:30_____ M
WILLIAM T. WALSH, CLERK

CIVIL ACTION NO.: 08-4580 (FSH) (MAS)

</td></tr>
</table>

**STIPULATED CONFIDENTIALITY ORDER**
**ON INFORMAL APPLICATION**

    Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Local Civ. R. 5.3, and

with the consent of the Parties,

    **IT IS HEREBY ORDERED** that:

    **WHEREAS,** in the course of this litigation, plaintiffs Peter and Louise Pontani, on behalf of

themselves and the putative class (collectively, "Plaintiffs"), and defendants AmeriHealth Insurance

Company of New Jersey, AmeriHealth HMO, Inc., Magellan Health Services, Inc., Green Spring

Health Services, Inc., d/b/a Magellan Behavioral Health, and Magellan Behavioral Health of New

Jersey, LLC (collectively, "Defendants"), may seek or be required to disclose information which a

Party regards as confidential ("Confidential Information") or highly confidential for attorneys' eyes

only ("Attorneys' Eyes Only Information"), or which contains confidential health information that

may be protected under applicable law ("Confidential Health Information");

**WHEREAS,** the Parties desire to establish a mechanism to protect the disclosure of Confidential, Attorneys' Eyes Only and Confidential Health Information ;

**WHEREAS,** the private and public interests at issue warrant confidentiality;

**WHEREAS,** the Court further finds that the procedures set forth herein are adequate to safeguard against the unauthorized use, disclosure, or subsequent dissemination of Confidential, Attorneys' Eyes Only and Confidential Health Information;

**WHEREAS,** this Stipulated Confidentiality Order requires that any use or disclosure of Confidential, Attorneys' Eyes Only and Confidential Health Information be made consistent with the terms of this Stipulated Confidentiality Order and the requirements of the Federal Rules of Civil Procedure;

**IT IS HEREBY AGREED,** by and between the Parties, through their undersigned counsel of record, that this Stipulated Confidentiality Order shall govern the disclosure of the Parties' Confidential, Attorneys' Eyes Only and Confidential Health Information, and that the dissemination of such information beyond the parameters established by this Stipulated Confidentiality Order or the use of such information for any purpose other than the prosecution or defense of this litigation shall be and is prohibited.

## DEFINITIONS

1.      "Action" means *Pontani v. AmeriHealth Insurance Co. of New Jersey, et al.*, Civil Action No. 08-4580 (FSH) (MAS).

2.      "Confidential Information" means all information designated as "Confidential" that a Party or Third Party in good faith believes constitutes, contains, reveals or reflects proprietary or confidential information that would reasonably be subject to protection under Federal Rule of Civil Procedure 26(c) and shall include, but not be limited to, patient specific claim data, patient

2

specific grievance and appeal information, enrollment data, employee training and evaluation materials, information systems, claims processing and general hardware and software specifications and related instructions and training information, product pricing information, sales or other business information, market data, expense data, profit and loss information, business plans, marketing plans, methods of doing business, customer identification, agreements with specifically identifiable customers and vendors, financial information of any kind, and licensing agreements and any information which the Producing Party is obligated by contract or state or federal law to keep confidential or that could be used by a Third Party, including the Producing Party's business competitors, to obtain a business or legal advantage over the Producing Party.

      3.    "Confidential Health Information" shall mean any document or information supplied in any form, or any portion thereof, that identifies an individual or subscriber in any manner and relates to the past, present, or future care, services, or supplies relating to the physical or mental health or condition of such individual or subscriber, the provision of health care to such individual or subscriber, or the past, present, or future payment for the provision of health care to such individual or subscriber. "Confidential Health Information" specifically includes "protected health information" as such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. parts 160 and 164, promulgated pursuant to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). See 45 C.F.R. §§ 164.501 ("protected health information") and 160.103 ("individually identifiable health information"). "Confidential Health Information" includes, but is not limited to, medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests. "Confidential Health Information" also includes all notes, summaries,

compilations, extracts, abstracts, or oral communications that contain, are based on, or are derived from "Confidential Health Information."

4.      "Counsel" means an employed or retained attorney for a Party and includes an attorney's support staff.

5.      "Documents," as used herein, is intended to be comprehensive and includes any and all materials in the broadest sense contemplated by Rule 34 of the Federal Rules of Civil Procedure, and shall include all written, oral, recorded, or graphic material, however produced or reproduced, including, but not limited to: all written or printed matter of any kind, including the originals and all non-identical copies thereof, whether different from the originals by reason of any notation made on such copies or otherwise; software; computer data, including, but not limited to, information stored in a computer at any time; all graphic or manual records or representations of any kind, including, but not limited to, photographs, microfiche, microfilm, videotape, records, and motion pictures; electronic, mechanical, or electric records or representations of any kind, including, but not limited to, cassettes, discs, magnetic cards and recordings, optical and other media; and all drafts, alterations, modifications, changes, and amendments to any of the foregoing.

6.      "Expert" means a person with special experience or training who may be recognized as qualified by the Court to provide expert testimony, and who has been retained by Counsel or a Party, at the direction of Counsel, to provide consultation or expert testimony for purposes of this litigation including any and all trials and appeals, and who has signed a copy of Exhibit A to this Stipulated Confidentiality Order.

7.      "Party" means any named parties to either Action, including any named party added or joined to either Action.

4

8.    "Producing Party" means any Party or Third Party that is providing testimony, producing documents and things, or making things and premises available for inspection.

9.    "Receiving Party" means any Party hearing the testimony, or to which documents and things are being produced, or that is inspecting things and premises.

10.    "Third Party" means a person or entity that is not a Party as defined in this Stipulated Confidentiality Order.

## GENERAL PROVISIONS

1.    **Scope.**  This Stipulated Confidentiality Order shall govern all documents containing Confidential, Attorneys' Eyes Only or Confidential Health Information that are produced and all Confidential, Attorneys' Eyes Only or Confidential Health Information that is supplied in any form (including, but not limited to, documents and information produced by a Party or Third Party, disclosed through testimony, or contained in pleadings, briefs, or other documents filed with the Court) in this case for purposes of discovery or otherwise.

2.    **Documents Containing Confidential Health Information.**  Documents containing Confidential Health Information shall be treated in accordance with this Stipulated Confidentiality Order without regard to any designation.  Defendants shall redact the names, social security numbers, and any other identifying information of any patient or member for whom Plaintiffs have not provided a waiver of confidential health information from any documents and information they produce and shall replace the same with a number that identifies the patient to whom the information refers.  Defendants shall retain a master list that sets forth the identification number and the corresponding patient names.

3.    **Use of Confidential Information, Confidential Health Information or Attorneys' Eyes Only Information.**  All documents, things or contents thereof produced, or to be produced, by

5

a Party or a Third Party in connection with this litigation, that contain Confidential Information, Confidential Health Information or Attorneys' Eyes Only Information shall be used or disclosed solely for the purpose of this litigation and in accordance with the terms of this Stipulated Confidentiality Order.

4.      **Manner of Designating "Confidential Information."**

(a)     The Producing Party shall designate any "Confidential Information" contained in physical objects or documents provided in response to discovery requests (including, but not limited to, pleadings, interrogatory answers, responses to requests for admission, depositions, testimony, affidavits, and the information contained therein) and in documents prepared for filing with the Court, by stamping, marking or affixing on each page, container, physical representation, or depiction of, the legend "Confidential" consistent with the definition of that term in this Stipulated Confidentiality Order. Where impracticable because of the form in which the information exists and is produced, the Producing Party shall inform the Receiving Party in writing of the "Confidential" designation in advance of, or contemporaneously with, the production of the information.

(b)     "Confidential Information" revealed at a deposition upon oral examination shall be designated by either: (i) specifying on the record at the deposition that a Party's or Third Party's "Confidential Information" is being revealed, or (ii) by giving written notice to the Parties of the transcript pages containing such "Confidential Information" within thirty (30) days of receiving the transcript of the deposition. All deposition testimony shall be treated as "Confidential Information" until the 31st day after the Party whose "Confidential Information" was revealed receives the transcript. The use and disclosure of such designated portions shall be governed by the

same rules that govern the use or disclosure of "Confidential Information" included in documents as described herein.

   (d)  A Party shall designate as "Confidential" or "Attorneys' Eyes only that information which the Party in good faith believes is within the scope of the definitions of those terms described in this Stipulated Confidentiality Order.

   5.  **No Admission or Waiver.** The designation of "Confidential" or "Attorneys' Eyes Only" by a Party or Third Party is intended solely to facilitate compliance with discovery in this action.  Neither such designation nor treatment in conformity with such designation shall be construed as an admission or agreement by any Party or Third Party that the designated information constitutes or contains any "Confidential Information" or "Attorneys' Eyes Only Information."  Inadvertent failure to so designate such information shall not constitute a waiver of any claim by a Producing Party that such information is "Confidential Information" or "Attorneys' Eyes Only Information"; the Producing Party shall have a reasonable opportunity to correct such failure after becoming aware of it as detailed below.

   6.  **Inadvertent Production.**

   (a)  If a Producing Party inadvertently produces or provides discovery of any Confidential or Attorneys' Eyes Only Information without labeling or marking it with the appropriate legend or properly designating it as provided herein, the Producing Party may give written notice to the Receiving Party that the document, thing, or other discovery information, response or testimony should be treated in accordance with the provisions of this Stipulated Confidentiality Order.  The Receiving Party must treat such document, thing, or other discovery information, response or testimony as designated from the date such notice is received. Disclosure of such documents, things, or other discovery information, responses or testimony

prior to receipt of such notice to a person not authorized to receive such hereunder shall not be deemed a violation of this Stipulated Confidentiality Order. However, those persons to whom disclosure was made are to be advised that the material must thereafter be treated in accordance with this Stipulated Confidentiality Order.

(b)     Inadvertent production of documents or things that are subject to the attorney-client privilege, work product doctrine, joint defense privilege or any other applicable privilege or protection shall not constitute a waiver by that Party of any claim that the documents are privileged or protected. Upon being notified in writing of the inadvertent production, the Receiving Party or Parties will promptly return all copies of the documents at issue. Return of the document(s) by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege, work product protection, joint defense privilege or any other privilege or protection, nor shall it preclude any Party from applying to the Court via the joint letter protocol set forth in the Pretrial Scheduling Order for an order that such document or thing has been improperly designated or should be produced for reasons other than waiver caused by the inadvertent disclosure.

7.     **Disclosure of "Confidential Information."** "Confidential Information" may be disclosed, subject to HIPAA, only to the following additional persons or entities and is limited as detailed below:

(a)     This Court (including court stenographers, outside copying or exhibit preparation services, interpreters or translators whose function requires them to have access to "Confidential Information") under seal or with other suitable precautions calculated to maintain confidentiality, and any court to which an appeal in this action may lie;

8

    (b)      Counsel and their support personnel;

    (c)      Any plaintiff, as a plaintiff and putative class representative;

    (d)      Defendants and their employees who would have access to or use the information in the normal course of their employment, or their employees whose review or use of the information is required for purposes of this litigation;

    (e)      Any person agreed to in writing by the Parties; and

    (f)      Experts and consultants as provided below.

8.     **Prior Notice of Intent to Disclose "Confidential Information."**  Counsel shall provide ten business days written Notice of Intent to Disclose "Confidential Information" to any other Third Party, other than an expert or consultant to whom this Stipulated Confidentiality Order authorizes disclosure of "Confidential Information," unless notice is precluded by a court order or law.  The ten business day period shall commence upon delivery of the Notice to Counsel.  Such Notice shall include a copy of the Acknowledgement form attached as Exhibit A to this Stipulated Confidentiality Order, signed by the person, entity or Third Party to whom disclosure shall be made.  Any objections to such disclosure shall be in writing and delivered to Counsel before the expiration of the ten business day notice period.  If the Parties are unable to resolve the objection, the Party opposing disclosure shall inform the other Party in a letter that the Parties are at an impasse ("Impasse Letter").  Not later than ten business days from the date of the Impasse Letter, the Party opposing disclosure may file an application with the Court via the joint letter protocol to prevent such disclosure pursuant to Federal Rule of Civil Procedure 26(c). The Party upon whom the application or motion is served shall not disseminate Confidential Information during the Notice and Impasse period and while the motion is pending, except that nothing herein shall prevent the timely compliance with a subpoena from a

9

government entity or court order, provided that the party upon whom a Subpoena or Court Order has been served has complied with its obligations under the Stipulated Confidentiality Order on Informal Application, including but not limited to, the obligations included in Paragraph 22 herein.

9.    **Third Parties Must Agree to be Bound.** Prior to any disclosure of "Confidential Information" to Third Parties in accordance with this Stipulated Confidentiality Order, such Third Parties shall agree to be bound by this Stipulated Confidentiality Order by executing the Acknowledgement in the form attached as Exhibit A to this Stipulated Confidentiality Order.

10.    **Additional Permissible Disclosure.** Nothing in this Stipulated Confidentiality Order shall prevent a Party from using "Confidential Information" at trial or during a hearing or appeal or deposition. Nothing herein automatically permits the sealing of materials or closure of judicial proceedings. Requests to seal shall be made in accordance with this Stipulated Confidentiality Order. Documents or things designated "Confidential Information" used during a deposition or at trial may be disclosed to; (i) persons listed on the face of the documents as originators, authors or recipients of such documents; (ii) persons otherwise shown to be originators, authors, or recipients of such documents; (iii) employees of the Producing Party or their Counsel; or (iv) former employees of the Producing Party if the document or materials being disclosed pertain to matters with which the former employee was involved, or (v) any witness including, but not limited to, expert witnesses, who will be providing testimony and have agreed to be bound by this Stipulated Confidentiality Order.

11.    **Treatment of "Confidential Information."** The recipient of any "Confidential Information" shall maintain such information in compliance with HIPAA, if applicable, and otherwise in a secure and safe area and shall exercise the same standard of due and proper care

10

with respect to confidentiality, storage, custody, use, or dissemination of such information the recipient exercises with respect to his/her own proprietary and confidential information.

12.    **Experts and Consultants.** Retained independent experts or consultants and their staffs whose advice and consultation are being, or will be, used in preparation for and at trial of or at any hearing in this case may have access to "Confidential Information" pursuant to the procedure set forth below. Such experts shall be independent consultants who are not employees of either of the Parties or competitors of either of the Parties. Each such expert or consultant shall read this Stipulated Confidentiality Order and execute the Acknowledgement in the form attached as Exhibit A prior to obtaining access to any "Confidential Information." Each such Acknowledgement executed by a Party's expert(s) or consultant(s) shall be retained by counsel on whose behalf the expert or consultant was retained so as to be available to the Court in the event of any dispute regarding disclosure or use of "Confidential Information."

13.    **Highly Confidential "Attorneys' Eyes Only Information".** Any document designated "Attorneys' Eyes Only" shall be treated as highly confidential and receive the highest level of protection. Documents may be designated "Attorneys' Eyes Only" either by the Court or by the Producing Party. Documents designated as "Attorneys' Eyes Only" shall be only the most highly sensitive documents. The following terms apply to "Attorneys' Eyes Only" documents:

(a)    Except as otherwise provided herein or by written stipulation of the Parties or by further order of the Court, documents designated "Attorneys' Eyes Only" shall be disclosed only to attorneys of record for the Parties to this action, their authorized secretarial and legal assistants and staff, and, subject to paragraph (c) below, to expert

11

witnesses retained by the Parties or their Counsel for purposes of this action upon the terms set forth herein.

(b)     If any Counsel who has been given access to an "Attorneys' Eyes Only" document resigns from his or her firm during the pendency of these cases, the Counsel will be required to sign a certification acknowledging that he or she may not use the "Attorneys' Eyes Only Information" in any fashion for any purpose.

(c)     Expert witnesses, regardless of whether they are going to be a testifying expert under Fed. R. Civ. P. 26, may be given access to "Attorneys' Eyes Only" documents only if they have executed the Acknowledgement attached as Exhibit A to this Stipulated Confidentiality Order.

(d)     Except as noted in subparagraphs (a-c), no documents or information designated "Attorneys' Eyes Only" shall be disclosed to (i) any Party (unless they are the Producing Party of the "Attorneys' Eyes Only" document) or (ii) to any officer, director, employee, or agent of any Party, except by written stipulation signed by the Producing Party or by court order.

(e)     If any inadvertent disclosure is made of an "Attorneys' Eyes Only" document, the party must immediately, and no later than 24 hours after learning of the inadvertent disclosure, notify the Producing Party of the error and cooperate in the rectification of the error.

(f)     If a Party's Counsel or expert intentionally discloses "Attorneys' Eyes Only Information" outside of the context of the Action, it is agreed that the Court, amongst other sanctions which it may impose, may consider whether the sanction of disqualification of that person from the Action is appropriate.

12

14.    **Effect on Discovery.**  This Stipulated Confidentiality Order shall not preclude or limit the right of a Party to oppose discovery on any ground available.

15.    **Depositions.**  Whenever any documents, information or other things designated "Confidential" or "Attorneys' Eyes Only" are to be discussed or disclosed in a deposition, either Party may exclude from the deposition any person who is not entitled to have access to such document, information, or other things designated.  A Party may object to the other Party's exclusion of a person, at which time the matter will be brought to the Court's attention for resolution, during the pendency of which the disclosure of the Confidential or Attorneys' Eyes Only Information shall not be made in that person's presence.

16.    **No Waiver of Judicial Protection.**  Nothing herein shall prevent any Party from applying to the Court for judicial protection of documents and information.

17.    **Additional or Alternative Persons Under This Stipulated Confidentiality Order.** The addition or substitution of persons who shall be permitted access to "Confidential Information" in accordance with this Stipulated Confidentiality Order shall be by written agreement between the Parties to this action, or by court order.

18.    **Application for Relief from Designation.**  A Party shall not be obligated to challenge the propriety of any designation of "Confidential" or "Attorneys' Eyes Only" at the time the designation is made, and failure to do so shall not preclude a subsequent challenge to the designation.  If any Receiving Party believes that particular discovery material designated as "Confidential" or "Attorneys' Eyes Only" should not be treated as such, then it may so notify the Producing Party in writing and state the basis for that conclusion ("Notice").  Counsel shall confer within five business days of receipt of the Notice in an attempt to resolve any differences with regard thereto.  If no resolution is reached within the five business days ("Impasse Date"),

counsel for the Receiving Party challenging the designation may seek a court order denying "Confidential" or "Attorneys' Eyes Only" treatment. Such application shall be made using the joint letter protocol set forth in the Pretrial Scheduling Order within five business days of the Impasse Date. The material that is subject to the motion shall continue to be treated as "Confidential" or "Attorneys' Eyes Only" pending the Court's ruling. It shall be the burden of the Producing Party to demonstrate that the subject matter of the material is Confidential Information or Attorneys' Eyes Only Information.

19. **Filing Documents With The Court.** In the event a Party wishes to file with the Court materials under seal, then the Party must file a motion in accordance with Local Civ. R. 5.3. Designation of a document or information as "Confidential" or "Attorneys' Eyes Only" under this Stipulated Confidentiality Order alone is not a basis to seal. Any party seeking to file motion to seal shall contact the chambers of the Undersigned for further instructions.

20. **The Stipulated Confidentiality Order Binding When Signed.** This Stipulated Confidentiality Order shall be binding on the Parties when signed.

21. **Exception for Public Information.** Nothing in this Stipulated Confidentiality Order shall be deemed in any way to restrict the use of documents or information which are lawfully obtained or publicly available to a Party independently of discovery in this action, whether or not the same material has been obtained during the course of discovery in the action, and whether or not such documents or information, have been designated "Confidential" or "Attorneys' Eyes Only." However, in the event of a dispute regarding such independent acquisition, a person or entity who wishes to use any independently acquired documents, material, duplicates, copies, information or knowledge shall bear the burden of proof to establish such independent acquisition.

14

22.    **Disclosure in Other Actions.**  If any Receiving Party (a) is subpoenaed in another action, or (b) is served with a demand in another action to which he or it is a party, or (c) is served with any other legal process by one not a Party to this Action, seeking information produced or designated as "Confidential" or "Attorneys' Eyes Only" by someone other than the Receiving Party, the Receiving Party shall give actual written notice (by hand, facsimile transmission or electronic mail transmission) of same to the Producing Party within two (2) business days of receipt of such subpoena, demand, or legal process.  The Receiving Party shall not produce any of the Producing Party's Confidential or Attorneys' Eyes Only Information, unless otherwise ordered by a court of competent jurisdiction, for a period of at least seven (7) business days after providing the required notice to the Producing Party.  If, within seven (7) business days of receiving such notice, the Producing Party gives notice to the Receiving Party that the Producing Party opposes production of its Confidential or Attorneys' Eyes Only Information, the recipient shall not thereafter produce such information except pursuant to a court order requiring compliance with the subpoena, demand, or other legal process.  The Producing Party shall be solely responsible for asserting any objections to the requested production.  Nothing herein shall be construed as requiring the Receiving Party or anyone else covered by this Stipulated Confidentiality Order to challenge or appeal any order requiring production of Confidential or Attorneys' Eyes Only Information or to seek any relief from this Court, and nothing herein shall be construed as subjecting such person to any penalties for non-compliance with any legal process or order.

23.    **Termination of Litigation and Survival of Terms.**

(a)    The restrictions provided for herein shall not terminate upon the conclusion of this action, but shall continue until further court order, provided, however, that this Stipulated

Confidentiality Order shall not be construed to: (i) prevent any Party or its Counsel from making use of information which was lawfully in its possession prior to its disclosure by the Producing Party; (ii) apply to information which has appeared in public records or printed publications, or becomes publicly known other than as a result of disclosure by the Producing Party, or (iii) apply to information that any Party or its Counsel have, after disclosure by the Producing Party, lawfully obtained from a Third Party having the right to disclose such information.

(b)    The Court shall have jurisdiction to enforce the terms of this Stipulated Confidentiality Order following the final termination of the Action.

(c)    After final termination of the Action, by judgment or otherwise, all documents and information designated "Confidential," "Confidential Health Information" and "Attorneys' Eyes Only," shall be returned within sixty (60) calendar days to the Producing Party along with any copies thereof, or the destruction of the documents and information shall be certified in writing to the opposing Party or Parties. All documents prepared by Counsel or experts and consultants designated herein, containing summaries, abstracts or quotations from documents designated by a Party as protected by this Stipulated Confidentiality Order, shall be destroyed within this same time period. Notwithstanding the foregoing, upon final termination of the Action by entry of a final judgment from which no further appeal has been or can be taken, a Receiving Party's Counsel may retain one copy or sample of all material designated "Confidential" and may retain all documents, things, copies and samples to the extent they include or reflect the Receiving Party's Counsel's work product. With respect to any such retained material, this Stipulated Confidentiality Order shall survive the final termination of the Action to the extent the information in such material is not or does not become known to the

public by means other than disclosure by the Receiving Party's Counsel or any other person
authorized to receive such material pursuant to this Stipulated Confidentiality Order.

(d)    Neither the termination of the Action nor the termination of employment of
any person who had access to any Confidential, Attorneys' Eyes Only or Confidential Health
Information shall relieve any person from the obligation of maintaining both the confidentiality
and the restrictions on use of anything disclosed pursuant to this Stipulated Confidentiality
Order.

24.    **Application to Third Parties Producing Information.**  The terms of this
Stipulated Confidentiality Order shall be applicable to any Third Party that produces information
to a Party in this action that is designated by such Third Party as containing Confidential,
Attorneys' Eyes Only or Confidential Health Information.

Respectfully submitted,

Bruce H. Nagel
Randee M. Matloff
Nagel Rice, LLP
103 Eisenhower Parkway
Roseland, NJ 07068
(973) 618-0400 (telephone)

Attorneys for Plaintiffs

James L. Griffith
Akin Gump Strauss Hauer & Feld LLP
Two Commerce Square
2001 Market Streeet, Suite 4100
Philadelphia, PA 19103
(215) 965-1200 (telephone)
(215) 965-1210 (facsimile)

17

Attorneys for Defendants AmeriHealth Insurance
Company of New Jersey and AmeriHealth HMO,
Inc.

Thomas F. Quinn
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
33 Washington Street
Newark, NJ  07102
(973) 624-0800 (telephone)
(973) 624-0799 (facsimile)

Christopher Flynn
Kathleen Taylor Sooy
Tracy A. Roman
Crowell & Moring LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C.  20004
(202) 624-2400 (telephone)
(202) 628-5116 (facsimile)

Attorneys for Defendants Magellan Health Services,
Inc., Green Spring Health Services, Inc., Magellan
Behavioral Health, Inc., and Magellan Behavioral
Health of New Jersey LLC

SO ORDERED, this 9th day of November 2009.

MICHAEL A. SHIPP
UNITED STATES MAGISTRATE JUDGE

18

## EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER PONTANI and LOUISE PONTANI, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>AMERIHEALTH INSURANCE COMPANY OF NEW JERSEY, AMERIHEALTH HMO, INC., MAGELLAN HEALTH SERVICES, INC., GREEN SPRING HEALTH SERVICES, INC., d/b/a MAGELLAN BEHAVIORAL HEALTH, and MAGELLAN BEHAVIORAL HEALTH OF NEW JERSEY, LLC,<br><br>    Defendants. | ) ) ) ) ) ) ) **ACKNOWLEDGEMENT** ) ) ) CIVIL ACTION NO.:  08-4580 (FSH) (MAS) ) ) ) ) ) ) ) ) |

I, _____, hereby acknowledge that I have been provided

a copy of the Stipulated Confidentiality Order entered in the above-captioned matter, a copy of

which is annexed hereto and incorporated herein by reference.

I further acknowledge that I have read the aforesaid Order and agree to be bound by the

terms and conditions and limitations contained therein regarding the review and disclosure of

Confidential and Attorneys' Eyes Only Information in this litigation.

Dated: _____          By:          _____