

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PETER PONTANI  AND LOUISE PONTANI individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>vs<br><br>AMERIHEALTH INSURANCE COMPANY OF NEW JERSEY, AMERIHEALTH HMO, INC., MAGELLAN HEALTH SERVICES,INC., GREEN SPRING HEALTH SERVICES, INC., d/b/a MAGELLAN BEHAVIORAL HEALTH,AND MAGELLAN BEHAVIORAL HEALTH OF NEW JERSEY, LLC,<br><br>          Defendants. | *Civil Action*<br><br>ELECTRONICALLY FILED<br><br>Civil Action No.:<br>08-4580(FSH)(MAS) |

FINAL ORDER AND JUDGMENT
APPROVING SETTLEMENT

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and in accordance with the terms of the Settlement Agreement dated June 7, 2011 (the "Settlement Agreement") it is hereby ORDERED, ADJUDGED and DECREED as follows:

1. This Final Order and Judgment incorporates by reference the definitions in the Settlement Agreement among the Parties submitted as Exhibit 2 to the Joint Motion for Preliminary Approval of Settlement (D.E. 127), and all capitalized terms used herein that also appear in the Settlement

Agreement shall have the meanings set forth in the Settlement Agreement.

2.    The Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. § 1132, and over each of the Representative Class Plaintiffs, Defendants, and the Class Members.

3.    The Mailed Notice of the Proposed Settlement (in the form presented to this Court as Exhibit 3A to the Joint Motion for Preliminary Approval of the Settlement) and the Publication Notice (in the form presented to this Court as Exhibit 3B to the Joint Motion for Preliminary Approval of the Settlement) were directed to the members of the proposed Class in accordance with the Preliminary Approval Order, dated July 7, 2011, and (a) constituted the best notice practicable under the circumstances and (b) were reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of the Actions, the Settlement Agreement, and the release of rights contained in the Settlement Agreement. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that the Mailed Notice and Publication Notice provided Class Members due and adequate notice of the Settlement, the Settlement Agreement and these proceedings and the rights of Class Members to exclude themselves from or to object to the Settlement.

4.   Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement, as set forth in the Settlement Agreement, and finds that the Settlement is, in all respects fair, reasonable and adequate to the Class Members.   Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement, the terms of which are incorporated by reference into this Final Order and Judgment.

5.   By Order dated July 7, 2011, the Court preliminary certified the following Settlement Class:

> All AmeriHealth Insureds subject to the New Jersey Mental Health Parity Law who during the Class Period (i) had requests for preauthorization/precertification submitted for mental health expenses, supplies, and/or services for the diagnosis, care and treatment of an Eating Disorder (whether the Eating Disorder was the primary diagnosis or not) which were denied or limited because of limitations of coverage applicable to non-biologically based mental illnesses ("Non-BBMI Requests for Authorization"); (ii) had claims submitted for payment or reimbursement of mental health expenses, supplies, and/or services for the diagnosis, care and treatment of an Eating Disorder (whether the Eating Disorder was the primary diagnosis or not) for which benefits were denied or limited because of limitations of coverage applicable to non-biologically based mental illnesses ("Submitted Non-BBMI Claims"); and/or (iii) had such claims but did not have them submitted, and where if such claims had been submitted, benefits would have been denied or limited because of limitations of coverage applicable to non-biologically based mental illnesses

("Unsubmitted Non-BBMI Claims").  The Class expressly excludes all Persons who, in accordance with the terms of this Agreement, execute a timely request for exclusion ("Opt Out") from the Class.

6.    The Court finds that the Settlement Class satisfies the requirements of Fed. R. Civ. P. 23, including the requirements of numerosity, commonality, typicality, and adequacy pursuant to Rule 23(a), and at least one of the requirements of Rule 23(b)(2) and 23(b)(1)(A). The Court hereby certifies the following Settlement Class:

> All AmeriHealth Insureds subject to the New Jersey Mental Health Parity Law who during the Class Period (i) had requests for preauthorization/precertification submitted for mental health expenses, supplies, and/or services for the diagnosis, care and treatment of an Eating Disorder (whether the Eating Disorder was the primary diagnosis or not) which were denied or limited because of limitations of coverage applicable to non-biologically based mental illnesses ("Non-BBMI Requests for Authorization"); (ii) had claims submitted for payment or reimbursement of mental health expenses, supplies, and/or services for the diagnosis, care and treatment of an Eating Disorder (whether the Eating Disorder was the primary diagnosis or not) for which benefits were denied or limited because of limitations of coverage applicable to non-biologically based mental illnesses ("Submitted Non-BBMI Claims"); and/or (iii) had such claims but did not have them submitted, and where if such claims had been submitted, benefits would have been denied or limited because of limitations of coverage applicable to non-biologically based mental illnesses ("Unsubmitted Non-BBMI Claims").  The Class expressly excludes all Persons who, in

accordance with the terms of this Agreement, execute a timely request for exclusion ("Opt Out") from the Class.

7. The Court approves Plaintiffs, Peter Pontani and Louise Pontani, as Class Representatives for the Settlement Class.

8. The Court finds that Class Counsel, Nagel Rice, LLP, has fairly and adequately represented the interests of the Class and satisfied all the requirements of Fed. R. Civ. P. 23(g) and appoints Nagel Rice, LLP as Class Counsel in this action.

9. Upon the Settlement becoming final in accordance with Section 11 of the Settlement Agreement, the Releasing Parties are permanently enjoined from: (i) filing, commencing, prosecuting, intervening in, participating in or receiving any benefits from any lawsuit, arbitration, administrative or regulatory proceeding or order in any jurisdiction based on any or all Released Claims against one or more Released Parties; (ii) instituting, organizing class members in, joining with class members in, amending a pleading in or soliciting the participation of class members in, any action or arbitration, including but not limited to a purported class action, in any jurisdiction against one or more Released Parties based on, involving, or incorporating, directly or indirectly, any or all Released Claims; and (iii) filing, commencing, prosecuting, intervening in, participating in or receiving any benefits from

5

any lawsuit, arbitration, administrative or regulatory proceeding or order on any jurisdiction based on an allegation that an action of the Released Parties, which is in compliance with the provisions of the Agreement, violates any right of any Class Member.

All Persons who are, have been, could be, or could have been alleged to be joint tortfeasors, co-tortfeasors, co-conspirators, or co-obligors with any or all of the Released Parties respecting any or all of the Released Claims, are hereby, to the maximum extent permitted by law, barred and permanently enjoined from making, instituting, commencing, prosecuting, participating in or continuing any claim, claim-over, cross-claim, action, or proceeding, however denominated, regardless of the allegations, facts, law, theories or principles on which they are based, in this Court or in any other court or tribunal, against any or all of the Released Parties with respect to any or all of the Released Claims, including without limitation equitable, partial, comparative, or complete contribution, set-off, indemnity, or otherwise, whether by contract, common law or statute, arising out of or relating in any way to the Released Claims. All such claims are hereby fully and finally barred, released, extinguished, discharged, satisfied and made unenforceable to the maximum extent permitted by law, and no such claim may be commenced, maintained, or

prosecuted against any Released Party. Any judgment or award obtained by a Class Member against any such Person shall be reduced by the amount or percentage, if any, necessary under applicable law to relieve any Released Party of all liability to such Person on such barred claims. Such judgment reduction, partial or complete release, settlement credit, relief, or setoff, if any, shall be in an amount or percentage sufficient under applicable law as determined by the Court to compensate such Person for the loss of any such barred claims against any Released Party. Where the claims of a Person who is, has been, could be, or could have been alleged to be a joint tortfeasor, co-tortfeasor, co-conspirator or co-obligor with a Released Party respecting the Released Claims have been barred and permanently enjoined by this section, the claims of Released Parties against that Person respecting those Released Claims are similarly fully and finally barred, released, extinguished, discharged, satisfied and made unenforceable to the maximum extent permitted by law.

10. Upon the Effective Date as defined in Section 11 of the Settlement Agreement, the Released Parties are and shall be unconditionally, fully and finally released and forever discharged from all Released Claims against each Released Party, in accordance with the Settlement Agreement. Each Class Member may hereafter discover facts other than or different from those

which he or she knows or believes to be true with respect to the Released Claims which are the subject matter of Paragraph 9 of this Order, but each Class Member expressly waives and fully, finally and forever settles and releases and discharges, upon this Settlement becoming final, any known or unknown, suspected or unsuspected, asserted or unasserted, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

11. Upon consideration of Class Counsel's petition for fees and costs, and the requirement in the Settlement Agreement that the award of such fees and costs not exceed $300,000.00, Nagel Rice, LLP, is hereby awarded attorneys' fees and costs totaling $300,000.00. The attorneys' fees and costs authorized and approved by this Final Judgment and Order shall be paid by the Companies no later than 20 days after the date on which the Court issues an Order awarding attorneys' fees and costs pursuant to Section 3 of the Settlement Agreement.

12. Upon consideration of Class Counsel's petition for payments for the Class Representatives, each Representative Plaintiff is hereby awarded $12,500.00 to be paid by the Companies no later than twenty (20) days of the Effective Date pursuant to Section 4 of the Settlement Agreement.

13.   The attorneys' fees and costs and Class Representative payments authorized and approved by this Final Judgment and Order shall constitute full and final satisfaction of any and all claims that Representative Plaintiffs and any Class member, and their respective counsel, may have or assert for reimbursement of fees and costs or Class Representative payments, and Representative Plaintiffs and Class Members, and their respective counsel, shall not seek or demand payment of any additional fees and costs or Class Representative payments. The Released Parties (as defined in Section 8.1 of the Settlement Agreement) shall have no further responsibility for, and no liability whatsoever with respect to, any payment or disbursement of attorneys' fees and costs or Class Representative payments, nor with respect to any allocation of attorneys' fees and costs or Class Representative Payments to any other person or entity who may assert any claim thereto.

14.   Without in any way affecting the finality of the Final Order and Judgment Approving Settlement, this Court has jurisdiction as to all matters relating to (a) the interpretation, administration and consummation of the Settlement Agreement and (b) the enforcement of the injunction in the Final Order and Judgment Approving Settlement.

15.   The Court finds that this Final Order and Judgment Approving Settlement adjudicates all of the claims, rights and

liabilities of the Parties to the Settlement, and is intended to be final and immediately appealable. Neither this Final Order and Judgment Approving Settlement, the Settlement Agreement nor any other Settlement-related document shall constitute any evidence of admission of liability by the Companies or any other Released Party, nor shall either the Settlement Agreement or this Final Order and Judgment Approving Settlement or any other Settlement-related document be offered in evidence or used for any other purpose in this or any other matter or proceeding except as may be necessary to consummate or enforce the Settlement Agreement or the terms of this Final Order and Judgment Approving Settlement, or if offered by any Released Party in, *inter alia*, responding to any action purporting to assert Released Claims.

SO ORDERED this ___14th___ day of ___December___, 2011.

_____

HONORABLE FAITH S. HOCHBERG,
UNITED STATES DISTRICT JUDGE